Roane, special judge, delivered the opinion of the court. This is an action of debt on sheriff’s bond. The breach assigned is that the sheriff failed to levy an execution against Whitaker, against whom, the plaintiffs, Ashley and Watkins, had- obtained a judgment, upon a certain lot of land which he was directed by the plaintiffs to seize. The defendant filed a demurrer to plaintiffs’ declaration, which was overruled ; and they then filed two pleas.— The first alleged that, before the rendition of the judgment, Whitaker had conveyed the land or lot, described in plaintiffs’ declaration, to one Goodrich and his heirs in fee simple forever, upon trust, however, to secure the payment to one George W. Johnston, by said Whitaker, of the sum of three hundred dollars, loaned by said Johnston, and for which said whitaker had executed his note, to Johnston, due at twelve months from the date of said deed, with power to sell on failure of payment thereof. But if said sum of money should be paid by said Whitaker when due according to the tenor and effect of said note, then the deed was to be void, but otherwise that said Goodrich, as such trustee, should have full power to sell; and that since the return day of the execution, said land had been sold under said deed for less than the amount so secured thereby. The second plea alleged, generally, that Whitaker had no interest in the land. The plaintiffs replied to the second plea, and filed a demurrer to the first plea, which was overruled. The second plea, and the replication thereto, were then withdrawn, and the defendants had final judgment upon the demurrer to the first plea. The question involved in this case, is, had Whitaker such an interest in the land described in plaintiffs’ declaration as was subject to an execution! “The right of a mortgager to redeem his estate is liable to be taken upon execution by his judgment creditors..” The equity of redemption is considered to be the real and beneficial estate, tantamount to the fee at law, and is accordingly held to be descendible by inheritance, devisable by will, and alienable by deed, precisely as if it were an estate of inheritance .at law. The estate of a mortgagee, before foreclosure, or, at least before entry, is not the subject of execution; not even though there has been a default, and the condition of the mortgage forfeited. 4 Kent's Com. 159, ib. 160.— With regard to the persons who have the right to redeem, it is of course to be understood that any party, upon whom the law vests an equity of redemption either by its own operation, or by the act of the parties, may redeem a mortgage. Indeed, the latter part of the proposition is but the repetition of the former, since such an equity of redemption itself is nothing but the right or power to redeem. It seems any one may redeem a mortgage, who is entitled to the legal estate of the mortgager, or claims” a subsisting estate under it. 1 Hill. Abr. 285. ib. 286. But in this case a distinction is with much plausibility taken between the deed set forth in defendant’s plea and a deed of mortgage ; and there appears to be, in many respects, a substantial difference. The forms usually observed in the creation of an ordinary trust and a mortgage are different. Yet, if in attempting to create a trust for the use of a third person, all2the rights and estate be reserved to the grantor, that are reserved in a mortgage proper, will it not result that the fee in the land deeded, will remain in the grantor to the same extent that it would, had the attempt only been to secure a debt or interest to a third person by mortgage? Then, if Whitaker’s right to redemption under the trust deed in this case be the same as under a mortgage, will not the same rule apply as well in the one case as in the other? If Whitaker had conveyed to Goodrich in trust for the use of Johnston, unconditionally, and without reserving to himself any right of redemption upon the payment of money or the performance of any other duty, it would have been strictly a deed of trust; and in that case Whitaker would have had no such interest in the land as could, by any known1 r‘ule of law, have been the subject of execution: and in that state of case there would have been a good and valid excuse for the sheriff for his failure to levy. But this conveyance is from Whitaker to Goodrich in trust t'o secure the payment of a debt from Whitaker to Johnston, with a power to Goodrich to sell the land conveyed in case Whitaker failed to pay the debt according to the tenor and effect cf his contract: and it expressly stipulated that, upon such payment being made, the deed should be void. Which would seem to reserve to Whitaker the same right to redeem and unincumber his estate that he would have had under an ordinary mortgage. The right and power of Whitaker, as relates to redemption under this deed, being t-he same as they would have been under an ordinary mortgage, it is properly inferable that the rights and interest of creditors will attach as well in the one ca.se, as in the other. If the deed had been a mortgage, all doubt would cease as to the right of redemption being the subject of execution. The optional power being reserved in the deed under consideration, to the grantor to the same extent that it would have been in a formal mortgage with the power of sale, it follows that the same rights attach as far as creditors are concerned as would attach, had the form of the deed been that of a mortgage.— Where lands are devised in trust, merely subjecting them to the payment of debts will not vest the legal estate in the trustee. Hill. Abr. 200, sect. 34. The fee, then, remaining in Whitaker, and he having the same right to redeem, that he would have had in the case of a mortgage, and a mortgager’s right of redemption being, subject to sale under execution, it follows as a necessary consequence that the judgment of the court below overruling the plaintiffs’ demurrer to defendant’s first plea is erroneous. Judgment reversed.